In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00218-CR
_____

**MARCUS ANTHONY DIAZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. 24DC-CR-00467**

**MEMORANDUM OPINION**

A jury found Marcus Anthony Diaz guilty of continuous sexual abuse of a child, a first-degree felony. *See* Tex. Penal Code Ann. § 21.02(b). The jury assessed Diaz's punishment at sixty years of imprisonment. *See id*. § 12.32.

Diaz's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See*

1

*Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On December 10, 2024, we granted an extension of time for Diaz to file a pro se brief. Diaz did not file a pro se brief in response.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief, an appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

> It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;] [o]r, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues.

*Id.* (citations omitted).

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found no reversible error, and we conclude the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 826–27. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf.*

2

*Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

    AFFIRMED.

KENT CHAMBERS
Justice

Submitted on April 8, 2025
Opinion Delivered April 9, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[1]Diaz may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.